# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## NOVEMBER 1997 SESSION

**FILED**

February 10, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9701-CC-00007 |
| Appellee, | ) | |
| | ) | WILLIAMSON COUNTY |
| VS. | ) | |
| | ) | HON. DONALD P. HARRIS, |
| HARRY REED, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Full Probation Denial) |

FOR THE APPELLANT:          FOR THE APPELLEE:

**VIRGINIA LEE STORY**
P. O. Box 1608
Franklin, TN 37065

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DARYL J. BRAND**
Asst. Attorney General
450 James Robertson Pkwy.
Nashville, TN 37243-0493

**JOSEPH D. BAUGH**
District Attorney General

**MARK PURYEAR**
Asst. District Attorney General
P. O. Box 937
Franklin, TN 37065-0937

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

## O P I N I O N

The defendant was charged in the indictment with aggravated assault. By agreement with the State, he entered a best interest guilty plea to the lesser included charge of simple assault. A sentencing hearing was held and at its conclusion, the trial judge sentenced the defendant to a term of six months in the local workhouse, suspended after serving forty-five days. He was then placed on probation for eleven months and twenty-nine days.

In this appeal as of right, the defendant contends that the trial judge erred in failing to grant the defendant full probation "or other alternative sentencing." After considering the record before this Court, we find the defendant's allegations to be without merit and affirm the judgment of the trial court.[1]

The evidence developed at the sentencing hearing revealed that the defendant's girlfriend had been involved in a previous relationship with the victim. The proof was uncontradicted that the victim had been a violent person with numerous convictions for minor offenses, especially while a juvenile. The victim had come to the defendant and his girlfriend's house on several occasions in a drunken condition and had on one occasion become violent, kicking in the front door and using profanity toward the defendant and his girlfriend. After the fourth such intrusion, the defendant and a friend went to the victim's home where a fight ensued. There was testimony that the victim had dived off the porch at the defendant with a knife. The defendant retrieved a baseball bat from his car, as did his friend, and they struck the victim a number of times with the bats.

The proof further showed that the defendant was the father of a one-year-

---

[1]Although the defendant's issue is framed to include the denial of "other alternative sentencing," the Community Corrections program is limited to felony offenders. Also, the defendant's brief only argues the denial of full probation.

old child whom he visited on a regular basis and for whom he made regular child support payments. Further, the defendant had been employed more than three years with the same employer who was holding the defendant's job pending the outcome of this hearing.

The trial court found as enhancing factors that the defendant had a previous criminal history, that he was a leader in the offense, and that the potential for bodily injury was great. See T.C.A. § 40-35-114(1), (2) and (16). As mitigating factors, the trial judge found that the defendant acted under strong provocation and that substantial grounds existed tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense. See T.C.A. § 40-35-113(2) and (3). After considering the enhancing and mitigating factors and the weight to which each was entitled, the trial judge imposed a six month workhouse sentence suspended after service of forty-five days with the defendant to remain on probation for eleven months and twenty-nine days.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

T.C.A. § 40-35-103 sets out sentencing considerations which are guidelines for determining whether or not a defendant should be incarcerated. These include the need "to protect society by restraining a defendant who has a long history of criminal conduct," the need "to avoid depreciating the seriousness of the offense," the determination that "confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or the determination that "measures less

3

restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1).

In determining the specific sentence and the possible combination of sentencing alternatives, the court shall consider the following: (1) any evidence from the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and the arguments concerning sentencing alternatives, (4) the nature and characteristics of the offense, (5) information offered by the State or the defendant concerning enhancing and mitigating factors as found in T.C.A. §§ 40-35-113 and -114, and (6) the defendant's statements in his or her own behalf concerning sentencing. T.C.A. § 40-35-210(b). In addition, the legislature established certain sentencing principles which include the following:

> (5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration; and
>
> (6) A defendant who does not fall within the parameters of subdivision (5) and is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

T.C.A. § 40-35-102.

After reviewing the statutes set out above, it is obvious that the intent of the legislature is to encourage alternatives to incarceration in cases where defendants are sentenced as standard or mitigated offenders convicted of C, D, or E felonies. However, it is also clear that there is an intent to incarcerate those defendants whose criminal histories indicate a clear disregard for the laws and morals of society and a failure of past efforts to rehabilitate.

4

The presentence report indicates that the defendant had been convicted previously of simple possession and possession of drug paraphernalia which resulted in a sentence of eleven months and twenty-nine days, suspended after the service of fifteen days. This conviction was in December of 1995. In January of 1995, the defendant was convicted of possession of alcohol by an underage person and sentenced to eleven months and twenty-nine days, suspended after service of forty-eight hours. He was also sentenced to thirty days in September of 1992 for theft under five hundred dollars ($500.00), said sentence being suspended after service of seventy-two hours.

Our review of the record indicates that the trial judge followed the sentencing requirements. Therefore, the presumption of correctness attaches to the sentence imposed. The defendant has failed to demonstrate that his sentence was improper. The evidence does not preponderate against the findings of the trial court.

Having found no merit to the defendant's claims, we affirm the trial court's sentencing determinations.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
DAVID H. WELLES, Judge